## In the Matter of Michael F. TURNER

### No. 72S00–0312–DI–615.

Supreme Court of Indiana.

July 15, 2004.

### ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE

Upon review of the hearing officer's *Judgment on the Complaint* issued upon the Disciplinary Commission's four-count *Verified Complaint for Disciplinary Action* and in the absence of an appearance or answer by the respondent, we find that the respondent engaged in attorney misconduct.

Facts: Under Counts I and II of the verified complaint, we find that clients hired the respondent to file bankruptcy petitions on their behalves and paid to the respondent his attorney fees in advance. The respondent delayed filing the actions and did not respond to his clients' requests for information about their cases. Once the respondent filed the actions and the matters were set for hearing, the respondent failed to appear for the hearings. Both clients appeared, and, with the assistance of others present at the creditors' meeting, proceeded with their cases. After the hearings, the clients were still unable to contact the respondent. The respondent later failed to respond to the Commission's demands for information during its investigation of these matters. His failures to respond resulted in his eventual suspension from the practice of law due to his noncooperation with the disciplinary process, pursuant to Ind.Admission and Discipline Rule 23(10)(f).

As to Counts III and IV, we find that the respondent failed to respond to the Commission's demands, made pursuant to Ind.Admission and Discipline Rule 23(10)(a)(2), for responses to two grievances filed against the respondent. In each instance, the respondent's failure to cooperate resulted in his eventual suspension from the practice of law in this state, pursuant to Admis.Disc.R. 23(10)(f). In each case, the respondent's eventual compliance with the Commission's demands led to his reinstatement to the practice of law.

Violations: The respondent violated Ind.Professional Conduct Rule 1.3, which requires lawyers to act with reasonable diligence and promptness in representing clients. He violated Prof.Cond.R. 1.4(a), which requires lawyers to keep clients reasonably informed about the status of their legal matters and promptly to respond to their reasonable requests for information; Prof.Cond.R. 1.4(b), which requires lawyers to explain matters to the extent reasonably necessary to permit clients to make informed decisions regarding representation; and Prof.Cond.R. 8.1(b), which provides that lawyers, in connection with disciplinary matters, shall not knowingly fail to respond to a lawful demand for information from a disciplinary authority.

For this misconduct, we find that the respondent should be suspended from the practice of law for a period of not fewer

than six (6) months, effective immediately. Should the respondent seek readmission to the bar of this state thereafter, he shall be required to petition this Court for readmittance pursuant to Admis.Disc.R. 23(4). Costs of this proceeding are assessed against the respondent. The Clerk of this Court is directed to provide notice of this order in accordance with Ind.Admission and Discipline Rule 23(3)(d) and to Leslie C. Shively, the hearing officer in this matter.

All Justices concur.